HAMITER, Justice
(dissenting).
Concededly, the normal use of the insured Ford automobile included its employment by Henderson Jordan for long trips in connection with the duties of his position in the Louisiana Department of Public Works. This being true my view is that at the time of Jordan’s accident it (although then being subjected to a limited or restricted use by Mrs. Jordan which is distinguishable from a normal use) was “withdrawn from normal use because of its breakdown” within the meaning and contemplation of the disputed policy provision.
To me it appears that the majority, in reaching the result announced in their opinion, have applied such provision as though it recited that a temporary substitute automobile means any automobile while temporarily used as a substitute for the owned automobile when “withdrawn from use” *878 •or “when withdrawn from all normal use”. In other words the provision has been applied herein after either the deletion therefrom of the word “normal” or the addition thereto of the word “all”. And thus a material and unauthorized change in the policy’s language has been judicially effected, for “withdrawn from normal use” (as therein recited) clearly connotes something entirely different from “withdrawn from all normal use” or “withdrawn from use”.
Additionally, I am unable to agree with the majority’s view that the holding in Mid-Continent Casualty Company v. West, Okl., 351 P.2d 398, 400, is not authority for the interpretation urged by the plaintiffs. Of course, that case is merely persuasive, not controlling, here. However, the following pronouncements contained in the opinion thereof, with which I am in complete agreement, indicate the conclusion of the court respecting its construction of the disputed clause which is identical to the one involved here: “ * * * In our opinion, the evidence showing that it would have been possible to use said auto, equipped with the old tires, for,short trips in Temple is not of controlling significance. It is a matter of common knowledge that there is a difference in the dangers involved in using badly worn tires for that kind of driving and in using them on a long trip at sustained high speeds, especially in hot weather like existed at the time of Lenard’s proposed trip to Oklahoma City. Under the reasonable and liberal interpretation that must be given the ‘temporary Substitute automobile’ provision, its wording does not mean that the insured’s own car, or the ‘described automobile’, must be disabled from all use. * * * It says only: ‘* * * while withdrawn from normal use * * * ’. It is not disputed that the insured’s ‘normal’ use included out-of-town, as well as in-town trips. Therefore, if the Buick was dangerous and disabled for trips which Lenard customarily made in it, like the one in question, we think it was disabled for his ‘normal use’, within the meaning of that term in the quoted provisions; and we so hold.”
Accordingly, I am of the opinion that the judgments of the Court of Appeal in the above entitled causes should be affirmed.